IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER RONDINELLI REILLY,

                        Plaintiff,                   OPINION AND ORDER

     v.
                                                      18-cv-198-wmc

BADGER COACHES, INC., JOHN MEIER,
DAVID MEIER, BADGER TOUR & TRAVEL,
LLC, and JAMES MEIER,

                        Defendants.

---

Plaintiff Jennifer Rondinelli Reilly asserts copyright infringement claims against defendants Badger Coaches, Inc., Badger Tour & Travel, LLC, John Meier, David Meier and James Meier based on their alleged use of two of Reilly's photographs on Badger Coaches' website. Before the court is plaintiff's most recent motion, a motion for judgment on the pleadings or, in the alternative, to strike affirmative defenses. (Dkt. #35.)[1] For the reasons that follow, the court will deny plaintiff's motion for judgment on the pleadings, finding defendants' denials preclude this relief. While motions to strike are typically disfavored, the court will credit some of plaintiff's arguments, and grant that motion in part for the reasons explained below.

---

[1] Plaintiff previously filed two motions to strike the original answer and the amended answer, both of which involved the three, original defendants -- Badger Coaches, Inc., John Meier and David Maier. Plaintiff subsequently filed an amended complaint, adding Badger Tour & Travel, LLC ("Badger T&T") and James Meier as defendants. Defendants' more recent answer to the amended complaint, fortunately, removes a number of their most convoluted answers, including unreasonable denials or "lack of knowledge" responses. (Dkt. #32.) Since these revisions largely moot plaintiff's objections to defendants' responsive pleadings in plaintiff's earlier motions to strike, except as part of addressing her subsequent motions to strike affirmative defenses and for judgment on the pleadings.

BACKGROUND

A. Basic Allegations

In her complaint, plaintiff claims ownership of two photographs, which she created in October 2015 and first published in December 2015, as well as ownership of the copyright for these two photographs with an effective date of January 4, 2016. In addition to providing a screenshot of that registration, plaintiff alleges that she posted these photographs on her website, offering them for licensing, and clearly displayed their copyright management information.

On or about January 8, 2018, plaintiff further claims to have discovered these same photographs on the Badger Coaches' website, www.badgerbus.com, both without authorization from her. Plaintiff's counsel subsequently sent a letter notifying defendants of this alleged infringement, after which defendants removed the photographs. After attempting to negotiate a settlement payment from Badger Coaches, this lawsuit followed. Plaintiff also claims that each of the individuals named as defendants are officers and co-owners of the two, closely-held business entity defendants, Badger Coaches and Badger Tour & Travel.

B. Procedural Posture

In response to the complaint, the three original defendants filed an answer, containing a laundry list of some fifteen affirmative defenses. (Dkt. #10.) As detailed in plaintiff's motion to strike, plaintiff's counsel attempted to raise concerns with this answer, but defendants' counsel was apparently uninterested in engaging. (Pl.'s Opening Br. (dkt.

2

#17) 2-3; Defs.' 2nd Opp'n (dkt. #20) 4-5 (acknowledging email exchange between the parties).) Plaintiff then filed her original motion to strike. (Dkt. #13.) In response, defendants filed an amended answer, which although not changing the basic substance of their answer, did clarify two of the affirmative defenses and added two additional ones. (Dkt. #15.) With that answer mooting her motion to strike, plaintiff promptly filed a second motion, this time to strike the amended answer. (Dkt. #16.) Somewhat inexplicably, defendants then filed a brief in opposition to the *original* motion to strike, followed by a second opposition brief to plaintiff's second motion to strike the amended answer. (Dkt. ##19, 20.)

Further complicating the procedural posture, plaintiff also filed an amended complaint, which all five defendants have now answered. The amended answer contains the same affirmative defenses, except one -- the fourth affirmative defense that plaintiff's claims are barred because the works were licensed or otherwise authorized was omitted. (Dkt. #32.) In opposition to plaintiff's most recent motion, defendants reference their earlier briefing on the motions to strike. Accordingly, the court has considered those earlier briefs in ruling on plaintiff's present motion for judgment on the pleadings or, in the alternative, to strike the affirmative defenses.

OPINION

I. Motion for Judgment on the Pleadings

Plaintiff moves for judgment on the pleadings as to both her copyright infringement claim, 17 U.S.C. § 101, as well as her claim under the Digital Millennium Copyright Act,

3

17 U.S.C. § 1202. Typically, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as Rule 12(b)(6), except that the court considers not only the complaint and documents referenced in the complaint, but *all* pleadings and documents that are referenced in any pleading. *See Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). To succeed, plaintiff "must demonstrate that there are no material issues of fact to be resolved," even with the court viewing all facts in the light most favorable to defendants. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Moreover, given that plaintiff is the party with the burden of proof as to both claims, the motion should be denied "unless it appears beyond doubt that [defendants] cannot prove facts sufficient to support [their] position." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)

A 12(c) motion is nearly pointless here. As detailed in plaintiff's own briefing, defendants have either denied essential allegations in plaintiff's complaint, or have alleged that they lack sufficient information to affirm or deny, which as plaintiff herself points out, is deemed a *denial* under Federal Rule of Civil Procedure 8(b)(5). *See* Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). While plaintiff attempts to undercut the weight of defendants' denials, faulting them for serving no discovery, but in doing so, plaintiff ignores that it is *her* burden to prove the elements of each claim, not defendants' burden to refute those elements. Since plaintiff has *not* begun to prove her claims simply by alleging them in a complaint, especially one that is not verified, her 12(c) motion is dead in the water.

4

More specifically, defendants take issue with plaintiff only providing a screen shot of her registration, rather than attaching a verified copy as an exhibit to her complaint. While this argument may seem hyper technical, defendants correctly point out it is plaintiff's burden to put forth evidence that *forecloses* a finding in defendants' favor as to her claimed ownership of a valid copyright. At minimum, that evidence requires admission of a copy of the registration and a supporting declaration from plaintiff describing her efforts to create and register her work. While plaintiff responds that "there is no requirement that a copy of a certificate even be produced in a pleading, much less as an exhibit" (Pl.'s Reply (dkt. #38) 2), but this, again, entirely misses the point that she has the burden of proof. Said another way, plaintiff is not opposing a motion to dismiss; instead, she is moving for judgment in her favor on claims for which she bears the burden of proof. Therefore, she cannot simply rely on allegations in a complaint that have been denied by the opposing party.

Even more specifically, plaintiff's claims require her to prove a number of elements that have been denied -- either outright or under Rule 8(b)(5) -- by defendants: (1) that she owns a valid copyright, which encompasses a finding that the photographs are subject to copyright protection; (2) that defendants used her photographs without her permission; (3) that such copying was in reckless disregard of her rights; (4) that defendants removed her copyright management information or knew that it had been altered; (5) that the individual defendants profited from direct infringement; and (6) that the individual defendants have the right and ability to control infringement. (Pl.'s Opening Br. (dkt. #36) 12, 16, 18-19.) Given her allegations and the nature of copyright law, plaintiff may

well be capable to proving each of these elements and defendants may be unable to prove any of their affirmative defenses, but defendants are entitled to hold her to that proof. Of course, if plaintiff is correct and the evidence is overwhelming in her favor, she is free to marshal her evidence and bring a motion for summary judgment, but she is wasting time and effort pursuing an essentially frivolous 12(c) motion.[2]

## II. Motion to Strike

Alternatively, plaintiff moves to strike the defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f). The court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). Generally speaking, motions to strike portions of pleadings are even more disfavored than 12(c) motions as they often unnecessarily consume scarce judicial resources and may be used for dilatory purposes. *See, e.g., Eagle Cove Camp & Conference Ctr. v. Town of Woodboro*, No. 10-cv-118-wmc, 2011 U.S. Dist. LEXIS 162624, at *18 (W.D. Wis. Mar. 24, 2011). Nonetheless, such a motion may be granted when they "remove unnecessary clutter from the case, [because] they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). This is such a case.

---

[2] In a footnote, plaintiff invites the court to convert this motion to one for summary judgment, but that would only be appropriate were the court to review evidence that goes beyond the pleadings and referenced documents, and even then, only after giving defendants an opportunity to respond. Fed. R. Civ. P. 12(d). Instead, the plaintiff here must still develop the record and submit evidence in support of her claims. There is simply too much factual development required and too many disputed issues of material fact on this record to justify converting plaintiff's 12(c) motion to a motion for summary judgment.

While captioned as a motion to strike, plaintiff cites to and argues that certain affirmative defenses should be dismissed because they fail to meet the requirements of Federal Rules of Civil Procedure 8 and 9. Rule 8(a)(2) requires a short and plain statement of a claim showing entitlement to relief by giving fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). The pleader need not provide detailed factual allegations, but must provide "just enough facts to raise [the claim] above the level of mere speculation." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Moreover, the emerging ruling in district courts in this circuit is that "the *Twombly-Iqbal* standard applies to defendants' affirmative defenses." *BCL-Equip. Leasing LLC v. Tom Spensley Trucking, Inc.*, No. 16-CV-007-JDP, 2016 WL 3461603, at *3 (W.D. Wis. June 21, 2016). Finally, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

While it is not uncommon for the court to see answers that assert a slew of defenses, most, and sometimes all, are not developed and eventually withdrawn. The court is sympathetic to plaintiff's desire to address this uncertainty sooner than later, but plaintiff can force defendants to develop or withdraw these defenses through interrogatories and, if dodged, then by conference or, as a last resort, a motion to compel. Seldom is a motion out of the gate on the merits an effective strategy, and so it seems plaintiff largely proves that by a premature motion here. Still, if an affirmative defense, even coupled with the

7

allegations in the complaint as context, does not satisfy Rule 8 or is clearly frivolous, then the court will strike it.³

With that context in mind, the first affirmative defense present in nearly *every* answer is that plaintiff's complaint fails to state a claim upon which relief may be granted. Having failed to move for dismissal under Federal Rule of Civil Procedure 12(b)(6), or articulate the basis for such dismissal, the court agrees this affirmative defense serves little purpose. On the other hand, defendants can be forgiven for this prophylactic pleading, if for no other reason than the law might change. Regardless, plaintiff is not prejudiced by its inclusion; in other words, plaintiff need not seek additional information from defendants as to the nature of this defense given that defendants have not moved for dismissal. As such, the court need not and will not strike it, and plaintiff has wasted the court's and the parties' time by raising it at all.

Defendants also assert statute of limitations (second), estoppel (fourth), laches (fifth), waiver (sixth), forfeiture / abandonment (tenth), and misuse of copyright (eleventh). While defendants' bare bone allegations may fall short of Rule 8 or Rule 9, where applicable, the court is inclined not to strike these defenses. Plaintiff should simply seek clarification through interrogatories, and absent a good faith basis to persist in their

---

³ One final note with respect to defendants' role in such pointless early motion practice, which after all is in large part due to defendants' misguided understanding of its obligation to raise all possible affirmative defenses in its original answer. As is true with any pleading, defendants may seek leave to amend their answer under Federal Rule of Civil Procedure 15(a), which the court must "freely give . . . when justice so requires." Notwithstanding the temptation not to take this risk out of fear that something might be missed until it is too late, defendants need not -- and should not -- file all conceivable defenses at the outset of a case lest its client suffers the time consuming and expensive process of largely pointless early motion practice.

pleading, defendants should drop them.

Defendants' third affirmative defense is "lack of subject matter jurisdiction / failure to register." As an initial matter, this defense is misnamed since defendants are not challenging this court's exercise of subject matter jurisdiction over plaintiff's claims, nor could they given that a federal question is plainly alleged. (*See* Defs.' Answ. to Am. Compl. (dkt. #32) ¶ 2 (admitting jurisdiction).) Instead, defendants appear to challenge whether plaintiff has "valid copyright registrations for the intellectual property rights asserted," including that she "has not properly or timely registered her works." (*Id.* (dkt. #32) ¶ 88.) This affirmative defense is simply a dispute of an element of plaintiff's claim, namely, that she has a valid copyright. The same is true for defendants' eighth affirmative defense -- that plaintiff's copyrights are invalid and/or unenforceable. For the reasons explained in *Free Range Presents Dallas, LLC v. Fort Investments LLC*, No. 18-cv-104-wmc, slip op. at *10-11 (W.D. Wis. Dec. 7, 2018) (dkt. #54), these so-called "defenses" are unnecessary and likely ill-advised. As a result, while the court *could* strike these affirmative defenses, there is simply *no* point to it, and plaintiff's motion to strike these two defenses will also be denied.

In their seventh affirmative defense, defendants assert that plaintiff's claim to damages is barred in whole or in part because of a duty to mitigate. Because plaintiff asserts a claim for compensatory damages (in the alternative to statutory damages), defendants are free to assert a failure to mitigate defense. Therefore, the court will not strike this affirmative defense, and plaintiff has once again wasted everyone's time.

In contrast, defendants' ninth affirmative defense -- that plaintiff's claims are barred

because of the safe harbors provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512 -- is frivolous in light of defendants' own answer, admitting that they are *not* a service provider as defined by 17 U.S.C. § 512(k). (Defs.' Answ. to Am. Compl. (dkt. #32) ¶ 34.) As such, the court will strike this defense.

In their twelfth defense, defendants assert that plaintiff's claims are barred, in whole or in part, because defendants' conduct was in good faith and with non-willful intent at all times. Plaintiff contends that this allegation fails in light of the placement of copyright management information on her photographs, but, of course, plaintiff will have to prove such placement for defendants' innocent intent defense to fail. As such, the court will not strike this defense either.

Defendants' thirteenth defense is a "lack of volitional act" defense. As plaintiff points out in her brief, volition is neither an element of plaintiff's claim nor a separate basis for an affirmative defense from defendants' twelfth defense. As such, the court will strike this defense.

Next, the fourteenth defense asserts that plaintiff's claims fail in whole or in part to the extent she suffered no damages. Defendants' seventeenth affirmative defense is essentially the same -- asserting that plaintiff's claims are barred in whole or in part because any infringement and claimed actual harm to plaintiff was de minimis. As an initial point, injury is not an element of liability for copyright infringement. *See Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016) ("To establish copyright infringement, [plaintiff] was required to prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." (internal citation and

quotation marks omitted). And, given the availability of statutory damages, plaintiff also need not demonstrate damages to receive a monetary award. *See* 17 U.S.C. § 504(c).

Even to the extent that plaintiff *is* pursuing a claim of compensatory damages under 17 U.S.C. § 504(b), these two proposed defenses are simply a dispute as to that element of her compensatory damages claim. Similarly, defendants' fifteenth defense -- that plaintiff's claim of statutory damages and attorney's fees is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act -- is just another dispute as to these elements of plaintiff's claim for relief. Here, too, while the court could strike these mirror-image defenses, the court declines to do so for the reasons explained above.

For their sixteenth defenses, defendants contend that plaintiff's claims are barred by the fair use doctrine. While plaintiff has alleged facts that would appear to defeat this defense, defendants are *not* required to prove this defense at the pleading stage. Yet again, therefore, the court will not strike it.

Finally, defendants' eighteenth defense is a "reservation of rights to add defenses." Given the defendants' kitchen sink approach to pleading every conceivable affirmative defense, this is insult to injury. Regardless, you cannot generically reserve defenses to be named later; as already discussed, defendants may seek leave to amend their answers to add defenses under Fed. R. Civ. P. 15, but they cannot "reserve" their right through this catchall defense. Accordingly, the court will strike this defense as well.

One final note of caution for both sides of this dispute -- plaintiff for bringing an entirely inappropriate 12(c) motion and defendants for raising a number of meritless or

pointless affirmative defenses -- in determining whether to shift fees under 17 U.S.C. § 505, the court may consider how a party has litigated a case. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). Neither side is off to a good start in this respect. Both are urged to work cooperatively and confer in good faith before filing any motion going forward.

One final note. The court previously struck the dispositive motion deadline, pending a decision on this pending motion. (2/20/19 Order (dkt. #46).) Consistent with the parties' stipulation, the dispositive motion deadline is now April 15, 2019. The trial will commence on October 7, 2019. The other pretrial deadlines are set forth below in the order.[4]

ORDER

IT IS ORDERED that:

1) Plaintiff Jennifer Rondinelli Reilly's motion to strike defendants' amended answer (dkt. #16) is DENIED AS MOOT.

2) Plaintiff's motion for judgment on the pleadings or in the alternative to strike affirmative defenses (dkt. #35) is GRANTED IN PART AND DENIED IN PART as set forth above.

3) The following affirmative defenses asserted in defendants' answer to plaintiff's amended complaint (dkt. #32) are STRICKEN: ninth, thirteenth and eighteenth. Without determining their merit or lack thereof, the remaining defenses stand as pleaded for now.

---

[4] The parties should refer to the court's preliminary pretrial conference order and attachments for additional information. (Dkt. #23.)

4) The court sets for the following schedule for the remainder of this case:

| | |
|---|---|
| Dispositive Motion Deadline: | April 15, 2019 |
| Response: | May 6, 2019 |
| Reply: | May 16, 2019 |
| Discovery Cutoff: | June 14, 2019 |
| Settlement Letters: | August 23, 2019 |
| Rule 26(a)(3) Disclosure and MILs: | August 23, 2019 |
| Responses: | September 6, 2019 |
| Final Pretrial Conference: | September 24, 2019 |
| Trial: | October 7, 2019 |

Entered this 1st day of April, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge