IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER RONDINELLI REILLY,

    Plaintiff,

v.

BADGER COACHES, INC.,
BADGER TOUR & TRAVEL, LLC,
JOHN MEIER, DAVID MEIER and
JAMES MEIER,

    Defendants.

ORDER

18-cv-198-wmc

---

  Plaintiff, a professional photographer, is suing the named companies and their three owners for copyright infringement for having impermissibly used two of her photographs on company websites in 2017 to advertise bus tours to Holy Hill. Plaintiff timely filed a motion to compel discovery (dkts. 48 & 49), seeking to learn the gross compensation paid to each of the Meier defendants during the time periods relevant to this case. Defendants oppose the motion, claiming that plaintiff has exceeded her allotment of 25 interrogatories and that the information sought is irrelevant. (Dkts. 50 & 51). For the reasons stated below, I am denying plaintiff's motion and shifting costs in favor of defendants.

  First, this court views the 25 interrogatory limit of Rule 33(a)(1) as a starting point, not an ending point. Within the constraints of Rule 26(b)(1)'s proportionality requirement, this court allows a civil litigant as many interrogatories as she actually needs to adduce relevant evidence. So, this is not a basis to deny plaintiff's motion. Plaintiff's problem is that the evidence she seeks is irrelevant to her claims. In fact, the evidence doesn't exist.

  Plaintiff's theory of prosecution is that each of the Meier defendants is vicariously liable to her for their company's alleged infringement of her copyrights. Plaintiff explains that to

prevail on a claim of vicarious liability against a Meier defendant, she must prove that he profited directly from the infringement and that he had the right to supervise the direct infringer. Dkt. 48 at 4. Plaintiff's lead citation for this premise, *Bertram Music Co. V. P&C Enterprises, Inc.*, not only is unpublished, it's unavailable on Westlaw. Plaintiff's citation to the syllabus of *Sony Corp. Of America v. Universal City Studios, Inc.*, 464 U.S. 417, 418 (1984) doesn't establish her point. In fact, the law is pretty clear that plaintiff's claims of vicarious liability have no traction: officers of a company that is accused of infringement aren't personally liable merely because they are officers of the company. *See, e.g., In re Aimster Copyright Litigation,* 334 F.3d 643, 654 (7th Cir. 2003); *Grice Engineering, Inc. V. JG Innovations, Inc.*, 691 F.Supp.2d 915, 924, 925 (W.D. Wis. 2010), quoting *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 947 (7th Cir. 1926).

But even if the court were to accept, *arguendo*, plaintiff's claim that she is entitled to discover whether the Meiers profited directly from their company's alleged infringement, her discovery requests won't get her this information. There is no actual or hypothetical accounting method that could derive from the Meiers' gross personal compensation the amount of direct profit that any of them earned from Badger Tour & Travel LLC bus tours to Holy Hill. Plaintiff makes no attempt to connect the dots in her brief; counsel's argument is *ipse dixit*, nothing more. *See* dkt. 48 at 4. Plaintiff is using a chainsaw to attempt to extract a splinter.

But the splinter isn't even there: prior to plaintiff filing her motion to compel, defendants provided her with evidence showing that no tickets to Holy Hill ever were sold. It appears from the subsequently-filed summary judgment motions that this evidence is undisputed. Therefore, no income or profits, ever were derived from defendant Badger Tour & Travel LLC's use of

plaintiff's photographs. So, there is no relevant evidence to discover. Plaintiff filed her motion to compel anyway. This was slipshod at best, vexatious at worst.

Both sides have asked for an award of their expenses on this motion. "The great operative principle of Rule 37(a)(4) is that the loser pays." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). The rule number has changed, the principle has not.

ORDER

It is ORDERED that:

(1) Plaintiff's motion to compel discovery is DENIED.

(2) Pursuant to F.R. Civ. Pro. 37(a)(5)(B), defendant's request for cost-shifting is GRANTED. Not later than June 7, 2019, defendant may file an itemized list of their reasonable expenses occurred in opposing the motion. Not later than June 14, 2019, plaintiff may file a response to this request.
.

Entered this 31st day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3